IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE ARMAN CROMWELL,

    Petitioner,               No. CIV S-06-2412 FCD GGH P

    vs.

K. PROSPER, et al.,          ORDER &

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner, sentenced under the three-strikes law to a term of 27 years to life, was convicted on February 24, 2004, in Shasta County Superior Court, after a jury trial, of being a felon in possession of a firearm. Petitioner raises four grounds for relief, the fourth of which he affirmatively asserts has not yet been exhausted, although he states he is in the process of

exhausting the so-called Santobello[1] claim. This claim is grounded on the alleged failure of the sentencing court to honor the terms of a prior plea agreement with regard to a provision limiting use of that prior to enhance any sentence arising from a future conviction to a maximum of ten years. He avers that this claim was not exhausted due to ineffective assistance of appellate counsel, which he apparently has not raised as an additional ground for relief.

       The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

       Petitioner asserts exhaustion as to three of four grounds and states that the fourth ground is unexhausted. Although petitioner failed to file an accompanying motion to stay the petition pending exhaustion of state court remedies, the court finds that petitioner's claim that his appellate counsel was ineffective in failing to bring the fourth claim constitutes a showing adequate to satisfy the good cause requisite, pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), for the failure to exhaust state court remedies as to any claim before filing this petition. The court will therefore find that a request to stay is implicit in the filing of this pro se petition and recommend that the petition be stayed pending exhaustion of the fourth claim which petitioner avers he is already in the process of exhausting in state court. Petitioner should, within 30 days of a decision by the state supreme court, inform the court as to that decision so that the stay in this matter might be lifted and this action proceed.

---

[1] Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495 (1971).

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in forma pauperis is granted and the Clerk of the Court shall serve a copy of this order and these findings and recommendations on Michael Patrick Farrell, Senior Assistant Attorney General.

IT IS HEREBY RECOMMENDED that this action be stayed pending exhaustion of petitioner's fourth ground for relief, after which petitioner should be directed to inform this court of any decision by the state supreme court within 30 days of any such decision, after which this matter may proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/4/06

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
crom2412.ofr