IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE ARMAN CROMWELL,

    Petitioner,                      No. CIV S-06-2412 CHS

    vs.

K. PROSPER, et al.,

    Respondents.        ORDER GRANTING IN PART AND DENYING
                                      IN PART RESPONDENT'S MOTION TO
                                      ALTER OR AMEND JUDGMENT

_____/

        Petitioner is a state prisoner proceeding pro se with a third amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). On March 17, 2001, the petition was granted in part, as to petitioner's *Miranda* claim, and judgment entered. By motion filed on April 12, 2011, respondent moves to alter or amend judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted in part, and denied in part.

        Rule 52(b) provides, in relevant part:

        On a party's motion filed no later than 28 days after the entry of
        judgment, the court may amend its findings- or make additional
        findings- and may amend the judgment accordingly.

Fed. R. Civ. P. 52(b).

Rule 59(e) of the Federal Rules of Civil Procedure similarly provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Both rules apply in habeas corpus proceedings. *See Browder v. Director*, *Dep't of Corrections of Illinois*, 434 U.S. 257, 270-71 (1978).

Respondent requests that judgment in this case be altered or amended on two grounds: (1) because the order granting the petition improperly applied a pre-AEDPA standard of review; and (2) because no clearly established Supreme Court precedent addresses when a detainee placed in the back of a locked patrol car is in custody for *Miranda* purposes.

The first ground for respondent's motion is predicated on this court's citation to *Thompson v. Keohane*, 516 U.S. 99, 102 (1995), for the proposition that "the *Miranda* custody determination itself is a mixed question of law and fact that warrants independent review on federal habeas corpus." (Order, Doc. 29 at 10-11.) Respondent contends, rather, that the proper standard of review is as follows:

> A "federal court reviewing a state court conclusion on a mixed issue involving questions both of fact and law must first separate the legal conclusions from the factual determinations that underlie it. Fact-finding underlying the state court's decision is accorded the full deference of §§ 2254(d)(2) and (e)(1), while the state court's conclusion as to the ultimate legal issue – or the application of federal law to the factual findings – is reviewed per § 2254(d)(1) in order to ascertain whether the decision is 'contrary to, or involved an unreasonable application of, clearly established' Supreme Court precedent. 28 U.S.C. § 2254(d)(1)." *Lambert v. Blodgett*, 393 F.3d 943, 977-78 (9th Cir. 2004).

(Motion to Alter or Amend Judgment, Doc. 31 at 2.) Respondent is correct. The quoted sentence from *Thompson v. Keohane*, 516 U.S. 99, 102 (1995) at pages 10-11 of the order dated March 17, 2011 sets forth the pre-AEDPA standard of review for a *Miranda* custody determination, and was improperly cited. Accordingly, respondent's motion is granted to the extent it is brought under Fed. R. Civ. P. 52(b) which allows the court to amend findings. The court's finding in this regard will be amended.

1    While the undersigned agrees that the improper citation to *Thompson v. Keohane* must be deleted, the court declines to adopt respondent's view that the order incorrectly applied de novo review to petitioner's *Miranda* claim. (*See* Order, Doc. 29 at 11 ("[F]or the reasons that follow, the state court's contrary decision was an unreasonable application of Supreme Court precedent.").) The standard applied in the March 17, 2011 order was that of the AEDPA. Accordingly, the judgment will not be amended as to the standard applied.

The second ground for respondent's motion urges that petitioner's *Miranda* claim must be denied for lack of specific Supreme Court precedent regarding when a detainee placed in the back of a locked patrol car is in custody for *Miranda* purposes. Respondent points out that no Supreme Court decision has squarely addressed this question, and also that circuit judges have reached mixed conclusions on the issue, as addressed in the March 17, 2011 order.

It is true that no clearly established Supreme Court precedent has announced a specific test for when a detainee in the back of a locked patrol car is in custody for *Miranda* purposes. As the Supreme Court has explained, however:

> AEDPA does not 'require state and federal courts to wait for some nearly identical fact pattern before a legal rule must be applied.' *Carey v. Musladin*, 549 U.S. 70, 81 (2006) (Kennedy, J., concurring in judgment.) Nor does AEDPA prohibit a federal court from finding an application of a principle unreasonable when it involves a set of facts 'different from those of the case in which the principle was announced.' *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The statute recognizes, to the contrary, that even a general standard may be applied in an unreasonable manner. See, *e.g.*, *Williams v. Taylor*, 529 U.S. 362 (finding a state-court decision both contrary to and involving an unreasonable application of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

*Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) (string citations omitted).

This was the law applied in the March 17, 2011 order. To determine whether a suspect was in *Miranda* custody, the ultimate inquiry is whether there was a formal arrest or restraint on freedom of movement of the degree associated with formal arrest. *Stansbury v. California*, 511 U.S. 318, 322 (1994). For the reasons set forth in the March 17, 2011 order, the

objective circumstances existing at the time of petitioner's interrogation constituted a restraint on his freedom of movement of the degree associated with a formal arrest. Accordingly, the court declines to alter or amend the finding that the state court unreasonably applied Supreme Court precedent with respect to the *Miranda* issue, and declines to alter or amend judgment in this case.

For the foregoing reasons, IT IS ORDERED THAT:

1. Respondent's April 12, 2011 motion to alter or amend judgment is hereby GRANTED in part, and DENIED in part;
2. The March 17, 2011 order granting the petition for writ of habeas corpus is hereby VACATED; and
3. An amended order superceding the March 17, 2011 order will issue; the forthcoming order will contain an amended finding (deleted sentence) as described herein, but will not alter or amend the judgment formerly announced.

DATED: April 14, 2011

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE